# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIEL JOHNSON, | ) |
| Plaintiff, | ) Civil Action No. 2: 16cv1369 |
| v. | ) United States District Judge |
| | ) Nora Barry Fischer |
| JOHN N. PERSON, Esquire – Deputy Prothonotary – Eastern District of PA, Supreme Court, | ) United States Magistrate Judge |
| | ) Cynthia Reed Eddy |
| Defendant. | |

## REPORT AND RECOMMENDATION

**I.     Recommendation**

It is respectfully recommended that this prisoner lawsuit be transferred pursuant to 28 U.S.C. § 1406(a) to the United States District Court for the Eastern District of Pennsylvania.

**II.    Report**

    **A.    Background**

This prisoner action commenced on September 6, 2016, with the Court's receipt of Plaintiff's Motion to Proceed *in forma pauperis*, with attached complaint. Pursuant to 28 U.S.C. § 1915A, the Court has screened the complaint prior to service.

Plaintiff is a prisoner of the Pennsylvania Department of Corrections currently confined at SCI-Camp Hill. The named defendant is John N. Person, Esquire, the deputy Prothonotary of the Pennsylvania Supreme Court, whose office is located at 468 City Hall, Philadelphia, PA 19107.

    **B.    Venue**

In cases, such as this one, in which subject matter jurisdiction is not founded solely on the parties' diversity, the federal venue statute holds venue proper only in the following districts:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such matters.

28 U.S.C. § 1391(b). The Court finds that venue is improper in this district. First, the complaint reflects that the sole defendant, the Deputy Prothonotary of the Pennsylvania Supreme Court, in the Prothonotary's office located in Philadelphia, PA, is not located in this district. Thus, the first requirement has not been met. Venue is also improper under the second requirement since a "substantial part" of the events giving rise to Johnson's claims did not occur in the Western District of Pennsylvania. In fact, none of the complained of conduct giving rise to Johnson's claims occurred in the Western District of Pennsylvania. Venue is also inappropriate under the third requirement because defendant cannot be found in the Western District of Pennsylvania. In sum, this district is an improper venue under § 1391(b) for the claims brought in this lawsuit.

### C. Transfer Under 28 U.S.C. § 1406(a)

Having determined that venue in this case is improper in this district, the Court must decide whether to dismiss the case or transfer the case to a district where venue is properly laid pursuant to 28 U.S.C. § 1406(a). That statute provides:

> The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

A court retains the power to transfer a case from an improper venue to a proper venue even where it lacks personal jurisdiction over the defendants. *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 465 (1962).

2

As in initial matter, it is clear that this action could have been brought in the Eastern District of Pennsylvania. Defendant's office is in Philadelphia, PA, which is located within the territorial limits of the Eastern District. Next, the Court must choose whether to transfer the case to the Eastern District or dismiss the case outright. "In most cases of improper venue, the courts conclude that it is in the interest of justice to transfer to a proper forum rather than to dismiss the litigation." 14D Wright & Miller § 3827 at 540 (4th Ed. 2013); *see also Holiday v. Bally's Park Place, Inc.*, No. 06-4588, 2007 WL 2600877, at *2 (E.D.Pa. Sept. 10, 2007) ("Generally, transfer to a proper forum is preferable to outright dismissal because it prevents repetitive motion practice and unnecessary costs."). This case is no different. Transfer in this case will save the time and expense associated with initiating a new lawsuit. *See Decker v. Dyson*, 165 F. App'x 951, 954 n.3 (3d Cir. 2006) (district court may sua sponte transfer under § 1406(a)).

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72, Plaintiff is permitted to file written objections to this Report and Recommendation within fourteen (14) days after date of service. Failure to timely file objections will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n. 7 (3d Cir. 2011).

It is also recommended that a ruling on Plaintiff's in forma pauperis motion be deferred to the transferee court.

       /s Cynthia Reed Eddy
       Cynthia Reed Eddy
       United States Magistrate Judge

Dated: September 7, 2016

cc:	JAMIEL JOHNSON
	GK-4813
	SCI Camp Hill
	Post Box 200
	Camp Hill, PA 17001